IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-02391-WDM-KMT

HOME DESIGN SERVICES, INC.,

Plaintiff,

v.

BOHNENKAMP CONSTRUCTION, INC. and
MICHAEL BOHNENKAMP,

Defendants.

---

**ORDER**

---

This matter is before the court on "Plaintiff's Motion to Amend Complaint and Memorandum of Law in Support Thereof" (Doc. No. 36, filed May 4, 2009 [hereinafter "Mot."].) Defendants filed their response on May 26, 2009. (Doc. No. 43, Defs.' Obj. in Part to Pl.'s Mot. to Am. Compl. [hereinafter "Resp."].) The plaintiff filed its reply on June 24, 2009. (Doc. No. 48, Pl.'s Reply to Defs.' Obj. in Part to Pl.'s Mot. to Am. Compl. [hereinafter "Reply"].)

Plaintiff filed its original Complaint on November 4, 2008, asserting a single claim for copyright infringement of a house plan by the defendants. (Doc. No. 1.) Plaintiff now moves to amend its Complaint to add claims against an Martha Warner, the designer who allegedly drew the infringing plans, and to add claims against the current defendants for Unfair Competition

Under Section 43(a) of the Lanham Act, Common Law Unfair Competition, and violation of the Colorado Consumer Protection Act. (Reply at 1; Am. Compl.) Defendants do not oppose the amendment to add the additional party; however, they do oppose the amendment to allow the assertion of additional claims against them. (Resp. at 3–4.)

Pursuant to Fed. R. Civ. P 15(a), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendants argue only that Plaintiff's motion should be denied because it would be futile to allow the claims to be added. An amendment to a complaint is futile only if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *See, e.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's*

*Services*, 175 F.3d 848, 859 (10th Cir. 1999). *See also, Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). To withstand a motion to dismiss, the complaint, when taken as true and in the light most favorable to the plaintiff, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Consequently, the issue in resolving a motion to amend, when futility of amendment is argued, is "'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Although Defendants have made extensive arguments why Plaintiff's motion to amend should be denied as futile, considering the parties' limited briefing on these issues, and resolving any ambiguity in favor of Plaintiff, I find that at this stage of the proceedings it is not clear that Plaintiff's proposed amendments would be futile. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). The issues raised by the defendants would be more appropriately resolved by way of a motion to dismiss or a motion for summary judgment. The better course of action is to consider the defendants' arguments at these other procedural junctures rather than to deny Plaintiff the opportunity to assert these claims.

Accordingly, "Plaintiff's Motion to Amend Complaint and Memorandum of Law in Support Thereof" (Doc. No. 36) is GRANTED.

The Clerk of Court shall file the “Amended Complaint - Injunctive Relief Sought” (Doc. No. 36-2).

Dated this 10th day of July, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge