UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Civil Action No.: 08-cv-02391-WDM-KMT

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.

BOHNENKAMP CONSTRUCTION, INC., AND
MICHAEL BOHNENKAMP,

    Defendants.
_____

**STIPULATED CONFIDENTIALITY ORDER**
_____

THIS CAUSE came before the Court on the parties' Joint Stipulation for entry of a Confidentiality Order, and the Court, having been advised that the parties agree to the entry of this Order, and being otherwise duly advised in the premises,

IT IS HEREBY ORDERED THAT:

1. This Stipulated Confidentiality Order shall be applicable to and govern that certain Supplemental Interrogatory Answer being supplied by Plaintiff, as well as testimony adduced at trial and other matters in evidence revealing the information contained in such Supplemental Interrogatory Answer (hereinafter referred to collectively as "Confidential Information").

2. Except as otherwise provided herein, to the extent applicable, the Confidential Information shall be provided only to: (a) the receiving party, (b) the receiving party's

counsel,[1] and (c) court reporters and other court personnel for purposes of their work concerning this litigation. The Confidential Information may also be provided to consultants and experts retained by any party to assist in the prosecution or defense of this litigation as well as any persons regularly employed in the office of such consultants or experts. Prior to receipt of any Confidential Information, any such consultant or expert shall sign an "Acknowledgment" agreeing to be bound by the terms of this Confidentiality Order, in substantially the form attached hereto as Exhibit "A." No party or its counsel shall otherwise permit the dissemination or other disclosure of any Confidential Information.

3. Each person receiving any Confidential Information hereby agrees to subject himself/herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Order.

4. Persons having access to the Confidential Information shall use it only for the preparation and trial of this litigation, and shall not disclose or provide any Confidential Information, or any portion or summary thereof to any person or persons other than those listed in paragraph 2 above.

5. If any person or entity subpoenas the Confidential Information from any party or anyone to whom such party has provided the Confidential Information, or otherwise requests any Confidential Information, such subpoenaed or requested party, before complying with the request or subpoena, shall promptly notify counsel for every other party, in writing, of the pendency of such request or subpoena. That party shall then have the right to seek whatever relief it deems appropriate. If relief has been sought by any such

---

[1] The use of the term "counsel" in this paragraph shall include counsel's employees.

party within ten (10) business days after receipt of such notice from a subpoenaed or requested party, then the person receiving the request or subpoena may not comply with it until such time as any denial of such relief becomes final.

6. In the event that the Confidential Information, or any documents or portions of transcripts containing such Confidential Information are to be deposited with the Clerk of this Court, they shall be filed in an envelope bearing the following designation when deposited:

**"CONFIDENTIAL"**

**"IN ACCORDANCE WITH A STIPULATED CONFIDENTIALITY ORDER OF THE COURT THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN ATTORNEYS IN THIS CASE AND THEIR PERSONNEL WHO ARE ASSISTING THOSE ATTORNEYS."**

7. Confidential treatment may be obtained for a document, and the information contained therein, by stamping "Confidential" on the first page of the document prior to production. All documents stamped "Confidential" shall be considered Confidential Information for purposes of this Confidentiality Order. All summaries and exhibits prepared from data obtained from the Confidential Information shall be stamped "Confidential" on the first page by counsel causing them to be prepared.

8. A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide the producing party written notice of its disagreement with the designation. The parties shall then make a good faith effort to resolve the disagreement, failing which, the party challenging the designation may

request appropriate relief from the Court but, in any event, such relief shall not be requested before ten (10) days after the producing party is served with the required notice. The burden of proving that the "Confidential" designation is proper shall be on the party making such designation.

9. In the event that any Confidential Information is used in any court proceedings in connection with this litigation, such Confidential Information shall not lose its "Confidential" status through such use, and the parties shall take all steps reasonably required to protect the confidentiality during such use.

10. Nothing in this Order shall preclude any party to this lawsuit or their counsel (a) from showing Confidential Information to an individual who either prepared or reviewed such Confidential Information prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, Confidential Information from the party's own files which the party itself has designated as "Confidential."

11. Within ninety (90) days of any settlement or final adjudication, including but not limited to, final adjudication of any appeals or petitions for extraordinary writs, the Confidential Information and all copies and summaries thereof in the actual or constructive custody or possession of any party, any expert witness or any other person who had access to Confidential Information, shall be returned to the disclosing party. All such persons shall then file a statement with the Court upon conclusion of this litigation stating that he or she has returned all such documents and materials to counsel for the disclosing party and has not retained in any form any of the Confidential Information or other confidential materials or copies thereof. If counsel for any party contends that summaries or extracts of the Confidential Information constitute the work product of counsel, such materials need not

be returned, but counsel shall file with the Court a certification that all such materials, and any copies thereof, have been destroyed.

12.   The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of the Confidential Information.

13.   Nothing in this Confidentiality Order shall be deemed to preclude any party from seeking and obtaining additional protection from the Court with respect to the Confidential Information.  Further, this Order is without prejudice to the right of any party to seek relief from the Court, for good cause shown, from any of the provisions in paragraphs 1 through 12 above.

14.   By agreeing to this Confidentiality Order, none of the parties waive, and expressly retain, the right to claim in any proceeding (administrative or judicial) any privileges applicable to the Confidential Information or concede or challenge, as appropriate, the relevance or admissibility of such Confidential Information.

15.   Any violation or breach of the provisions of this Order may subject the violator to any and all sanctions, damages, and other remedies permitted by law.

Dated this 3rd day of February, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the Stipulated Confidentiality Order which was entered by the Court in the case styled *Home Design Services, Inc. v. Bohnenkamp Construction, Inc., et al.,* Case No.: 08-cv-02391-WDM-KMT, that he/she is one of the persons contemplated in paragraphs 2 through 4 thereof as authorized to receive disclosures of Confidential Information by any of the parties or by third parties, and that he/she fully understands and agrees to abide by the obligations and conditions of the Stipulated Confidentiality Order. The undersigned further consents to be subject to the jurisdiction of the Federal District for the District of Colorado, for purposes of any proceedings relating to the performance under, compliance with, or violation of the above-described Order.

_____

Dated: _____